IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 DEC -9 P 4: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

|  |  |
|---|---|
| DENISE BYRD, | } |
| Plaintiff, | } |
| vs. | } CIVIL ACTION NO. 3:05cv1175-F |
| McKENZIE TANK LINES, INC., and ALTON JAMES DUPUIS, | } |
| Defendants. | } |

TO :

W. Charles Day, Jr., Esq.
Berry, Shelnutt, Day & Hoffman, P.C.
233 12th Street
Post Office Box 1437
Columbus, Georgia 31902-1437

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant McKenzie Tank Lines, Inc., and Defendant Alton James DuPuis (hereinafter collectively referred to as "Defendants"), hereby notice the removal of the above-styled action filed on or about November 1, 2005, in the Circuit Court of Russell County, Alabama (Civil Action File No. CV 05-420), to the United States District Court for the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1.    On or about November 1, 2005, Plaintiff Denise Byrd commenced the above-styled action by filing a Summons and Complaint against the Defendants as shown in the attached Exhibit "A."

2.    The removal of this action is based on diversity of citizenship. This Court has original jurisdiction of the case pursuant to 28 U.S.C. § 1332 (a), because there exists

complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.    Upon information and belief, and/or as is stated in the Complaint, Plaintiff Denise Byrd is a citizen of the State of Georgia.

Defendant Alton James DuPuis is a citizen of the State of Florida, and Defendant McKenzie Tank Lines, Inc., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida.    Therefore, there exists complete diversity of citizenship between the Plaintiff and the Defendants.

4.    The Plaintiff seeks unspecified damages.    However, the Complaint states that the Plaintiff is seeking substantial compensatory and punitive damages, and/or damages for permanent injuries, such that the amount in controversy clearly exceeds the jurisdictional amount of $75,000.    Furthermore, the Plaintiff has valued her damages in the amount of $650,000 as is set forth in that certain demand letter of Plaintiff Denise Byrd dated July 14, 2004, a copy of which is attached hereto as "Exhibit B."

5.    Because the Plaintiff does not seek an express identified sum of monetary damages in the above-referenced Complaint, the Plaintiff's claim will likely exceed $75,000, exclusive of interest and costs.

(a)    In considering whether the requisite jurisdictional amount in controversy exists, the U. S. Supreme Court has held that "[I]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."    St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L.Ed.

845, 848 (1938).  The <u>St. Paul Mercury</u> standard specifically applies to consideration of whether a case is properly removed to federal court.  <u>See</u> <u>Harger v. Burger King Corp.</u>, 729 F. Supp. 1579, 1580 (M.D. La. 1990); <u>Ronca & Sons, Inc., v. Monarch Water Systems, Inc.</u>, 1990 WL 140154 at *3 (E.D. Pa. 1990); <u>Schager v. Union Fid. Life Ins. Co.</u>, 1987 WL 13570 at *2 (N.D. Ill. 1987).

(b)    The amount in controversy in this action exceeds the sum of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs, because the Plaintiff seeks to recover "all special, general, consequential, and punitive damages as determined at trial, as well as the cost of litigation and expenses." (Complaint, ¶ 9, § 2).

(c)    The United States District Court for the Northern District of Alabama reviewed the propriety of removal of an action which did not contain a specific *ad damnum* in the complaint in <u>Kilpatrick v. Eby Construction Co., Inc.</u>, 708 F. Supp. 1241 (N.D. Ala. 1989).  The Court found that a complaint not seeking a sum specific, would yield to allegations of a jurisdictional limit in the Notice of Removal. <u>Id</u>. at 1242-43.

(d)    In <u>Tapscott v. MS Dealer Service Corp</u>, 77 F.3d 1353 (11th Cir. 1996), the Eleventh Circuit held that when the plaintiff's demand is unspecified, a lower burden of proof to establish removal jurisdiction is warranted. <u>Id</u>. at 1357.

(e)    Indeed, in the case at bar, the Plaintiff did not even attempt to limit the amount of her total claim for damages.  Facing a similar situation, the Court in <u>Steele v. Underwriters Adjusting Co.</u>, 649 F. Supp. 1414 (M.D. Ala. 1986), was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the defendants in the [sic] amount to be fairly ascertained by the jury." <u>Id</u>. at 1415.  The <u>Steele</u> court rejected plaintiff's belated argument that the

3

amount in controversy was less than $50,000.00,[1] recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." Id. at 1416. The Court's reasoning in Steele is equally applicable here:

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff **should not be allowed to deprive a defendant of his right to remove through artful pleading practices** . . .

> The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cake and eat it too". In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount]. Such an approach is simply unfair and will not be permitted by this Court.

Id. at 1415-16 (emphasis added).

6.     No pleading or other actions have been taken by the Defendants in the Circuit Court for Russell County.

7.     This notice is filed within 30 days of receipt through service (or otherwise) of a copy of the Complaint on Defendants.

8.     Venue is proper in the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §81, as Russell County is within its boundaries.

9.     Pursuant to 28 U.S.C. §1446(d), Defendants have sent written notice of removal to the Plaintiff's attorney and have filed a copy of this notice with the Clerk of Circuit Court of Russell County.

WHEREFORE, the premises considered, Defendants respectfully submit that this matter has been properly removed from the Circuit Court of Russell County, Alabama and

---

[1] Note the jurisdictional amount was increased from $50,000 to $75,000 in January of 1997.

request that this Court take proper jurisdiction of this matter in the United States District

Court for the Middle District of Alabama, Eastern Division.

Done this _____ day of December, 2005.

_____
RICHARD E. BROUGHTON (BRO043)


**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL  36109
Telephone:  (334) 387-7680
Facsimile:  (334) 387-3222

 

**SMITH, GAMBRELL & RUSSELL, LLP**
Stephen E. O'Day
Georgia Bar No. 549337
Andrew M. Thompson
Georgia Bar No. 707319


Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA  30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

Counsel for Defendants
McKenzie Tank Lines, Inc. and
Alton James DuPuis


## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon


W. Charles Day, Jr., Esq.
Berry, Shelnutt, Day & Hoffman, P.C.
233 12th Street
Post Office Box 1437
Columbus, Georgia 31902-1437


by placing copy of same in the United States Mail, first class, postage prepaid and
properly addressed on this _____ day of December, 2005.

_____
OF COUNSEL