IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE BYRD, | } | RECEIVED |
| Plaintiff, | } | 2005 DEC -9  P 4: 00 |
| vs. | } | DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA |
| | } | CIVIL ACTION NO. 3:05cv1175-F |
| McKENZIE TANK LINES, INC., and<br>ALTON JAMES DUPUIS, | } | |
| Defendants. | } | |

### ANSWER FOR DEFENDANT ALTON JAMES DUPUIS

COMES NOW the Defendant, Alton James DuPuis ("DuPuis" or "Defendant") in the above-styled case, and for answer to the Complaint filed against him, states as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Any and/or all claims stated in the Complaint against this Defendant are due to be dismissed because they were not filed within the applicable Statutes of Limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by Alabama Rule of Civil Procedure 12(b)(4) for insufficient process.

SCANNED

## FOURTH DEFENSE

Plaintiff's claims are barred by Alabama Rule of Civil Procedure 12(b)(5) for lack of service of process.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate her claimed damages.

## SIXTH DEFENSE

No act or omission by this Defendant proximately caused or contributed to any of the damages alleged in the Complaint.

## SEVENTH DEFENSE

The alleged injuries, losses, damages and expenses were the sole, direct and proximate result of pre-existing conditions or idiosyncratic reactions of Plaintiff for which this Defendant is not liable.

## EIGHTH DEFENSE

This Defendant cannot be held liable because the damages of which Plaintiff complains were entirely unforeseeable.

## NINTH DEFENSE

Plaintiff failed to exercise ordinary care on her own behalf and that failure was the sole, intervening and superseding cause of any injury alleged in the Complaint.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

The conduct of others was the superseding, intervening cause of Plaintiff's alleged injuries.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole in part, because this Defendant's activities were in accordance with the applicable standards of care under all applicable laws and regulations, and activities by this Defendant in accordance with such standards of care were reasonable as a matter of law.

## THIRTEENTH DEFENSE

This Defendant is entitled to a set-off of any and all sums received by Plaintiff from whatever source as a consequence of her alleged injuries or damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FIFTEENTH DEFENSE

To the extent that they are supported by the evidence disclosed through discovery, this Defendant pleads the defenses of contributory negligence and assumption of the risk.

## SIXTEENTH DEFENSE

In the alternative, this Defendant pleads that the Plaintiff's injuries and damages were the proximate result of the negligence/wantonness or other conduct of non-parties to this lawsuit.

## SEVENTEENTH DEFENSE

None of the alleged injuries or damages sustained by the Plaintiff were the proximate result of any alleged negligence/wantonness, or other alleged wrongful conduct on the part of this Defendant.

## EIGHTEENTH DEFENSE

This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

## NINETEENTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

## TWENTIETH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

## TWENTY-FIRST DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

## TWENTY-SECOND DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-THIRD DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to a criminal defendant.

## TWENTY-FOURTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

## TWENTY-FIFTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e) The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

## TWENTY-EIGHTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-NINTH DEFENSE

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### THIRTIETH DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Section 6-11-27, *Code of Alabama 1975*.

### THIRTY-FIRST DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Sections 6-11-20 and -21, *Code of Alabama 1975*.

### THIRTY-SECOND DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforceability of punitive damages awards articulated in BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 809 (1995); and in State Farm Automobile Insurance Company v. Campbell, 123 S.Ct. 1513 (April 7, 2003).

### THIRTY-THIRD DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24 Code of Alabama, regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff or for purposes not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the <u>United States Constitution</u> and by the due process provision in the <u>Constitution of Alabama.</u>

## THIRTY-FIFTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation

of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-SIXTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

### THIRTY-SEVENTH DEFENSE

With respect to the specifically enumerated paragraphs of Plaintiff's Complaint, this Defendant responds as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2.

This Defendant denies all of the allegations contained in paragraph 2 of Plaintiff's Complaint except to state that on or about November 4, 2003, this Defendant was operating a vehicle hauling a trailer in the State of Alabama.

3.

Denied.

4.

Denied.

5.

Denied.

6.

Denied.

7.

Denied.

8.

Denied.

9.

Denied.

### THIRTY-EIGHTH DEFENSE

This Defendant reserves the right to assert additional defenses, the need for which can only be determined through the discovery process.

This Defendant denies that Plaintiff is entitled to damages and other relief sought by Plaintiff in her prayer for relief, and denies any allegations of Plaintiff's Complaint to which no specific response is contained herein.

WHEREFORE, for the foregoing reasons, this Defendant respectfully prays that this Court:

    a) dismiss the Plaintiff's action with prejudice;

    b) grant judgment in its favor against Plaintiff on her claims with costs taxed to Plaintiff; and

c)  grant such other and further relief to this Defendant as may be allowed by law and as this Court may deem appropriate.

*/s/ R. E. Broughton*
**RICHARD E. BROUGHTON (BRO043)**

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL  36109
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

**SMITH, GAMBRELL & RUSSELL, LLP**
Stephen E. O'Day
Georgia Bar No. 549337
Andrew M. Thompson
Georgia Bar No. 707319

Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta, GA  30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509

Counsel for Defendants
McKenzie Tank Lines, Inc. and
Alton James DuPuis

**Defendant demands trial by jury.**

*/s/ R. E. Broughton*
**RICHARD E. BROUGHTON (BRO043)**

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL  36109
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

|  |  |
|---|---|
|  | **SMITH, GAMBRELL & RUSSELL, LLP**<br>Stephen E. O'Day<br>Georgia Bar No. 549337<br>Andrew M. Thompson<br>Georgia Bar No. 707319 |
| Suite 3100, Promenade II<br>1230 Peachtree St., N.E.<br>Atlanta, GA 30309-3592<br>Telephone: (404) 815-3500<br>Facsimile: (404) 815-3509 |  |
|  | Counsel for Defendants<br>McKenzie Tank Lines, Inc. and<br>Alton James DuPuis |

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon

W. Charles Day, Jr., Esq.
Berry, Shelnutt, Day & Hoffman, P.C.
233 12th Street
Post Office Box 1437
Columbus, Georgia 31902-1437

by placing copy of same in the United States Mail, first class, postage prepaid and properly addressed on this 9th day of December, 2005.

_____
OF COUNSEL